UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALGIERS RAMON SANDERS GARCIA,

                Plaintiff,

-against-

JOHN DOE #1; JOHN DOE #2; JOHN J. KERWICK,

                Defendants.

22-CV-2599 (LTS)

ORDER DIRECTING PAYMENT OF FEES OR IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently detained by the Westchester County Department of Correction, brings this action *pro se*. To proceed with a civil action in this Court, a prisoner must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, submit a signed IFP application and prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. Plaintiff submitted the complaint without the filing fees or a completed and signed request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, and a signed prisoner authorization.

      By order dated March 31, 2022, the Court directed Plaintiff, within thirty days of the date of that order, to either pay the $402.00 in fees or submit a signed IFP application and prisoner authorization. On April 15, 2022, Plaintiff filed a completed and signed prisoner authorization, (ECF No. 3), but he has not submitted a completed and signed IFP application, as the order directed.

Within thirty days of the date of this order, Plaintiff must either pay the $402.00 in fees or complete, sign, and submit the attached IFP application. If Plaintiff submits the IFP application, it should be labeled with docket number 22-CV-2599 (LTS).[1]

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   May 6, 2022
         New York, New York

                                                    /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                    Chief United States District Judge

---

[1] Plaintiff is cautioned that if a prisoner files a federal civil action or appeal that is dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file federal civil actions IFP as a prisoner, unless he is under imminent danger of serious physical injury, and he must pay the filing fees at the time of filing any new action.